IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM YEAGER,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>CORRECTIONS CORPORATION OF<br>AMERICA, et al.,<br><br>　　　　　Defendants. | Case No.: 1:12-cv-00162 AWI JLT<br><br>FINDINGS AND RECOMMENDATIONS<br>GRANTING DEFENDANT'S MOTION TO<br>STRIKE PORTIONS OF PLAINTIFF'S<br>COMPLAINT<br><br>(Doc. 5) |

Defendant Corrections Corporation of America ("Defendant" or "CCA") seeks to strike portions of the complaint by William Yeager ("Plaintiff") pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (Doc. 4). Plaintiff filed an opposition to the motion on March 12, 2012 (Doc. 13), to which Defendant replied on March 21, 2012 (Doc. 14). The oral arguments of counsel were heard on March 28, 2012. For the following reasons, the Court recommends Defendant's motion to strike be **GRANTED**.

**I.　Factual and Procedural History**

Plaintiff initiated this action by filing a complaint in Kern County Superior Court on November 9, 2011. (Doc. 1, Ex. A). Plaintiff alleges disability discrimination and that Defendant failed "to engage in a good faith interactive process to achieve a reasonable accommodation of employees with such medical ailments and known disability conditions" as required by law. (Doc. 1 at 11-15). In addition, Plaintiff alleges retaliation for having reported the alleged violations. *Id.* at

15. For these causes of action, Plaintiff seeks lost wages and benefits, general damages, special damages, injunctive relief, punitive damages, and attorneys fees. *Id.* at 18-19. On February 3, 2012, Defendant filed a Notice of Removal to Federal Court based on diversity jurisdiction, thereby commencing the action in this Court. (Doc. 1).

Defendant filed the motion to strike now before the Court on February 10, 2012, seeking to strike portions of Plaintiff's complaint. (Doc. 5). Defendant argues punitive damages are not recoverable because Plaintiff failed "to allege facts in his complaint establishing 'advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud or malice' by an 'officer, director or managing agent of the corporation.'" *Id.* at 2 (citing Cal. Civ. Code § 3294). Accordingly, Defendant contends the portions of the complaint related to punitive damages should be stricken from Plaintiff's complaint.

## II. Rule 12(f) Motion to Strike

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a district court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."[1] Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). As a general rule, Rule 12(f) motions are disfavored. *Abney v. Alameida*, 334 F. Supp. 2d 1221, 1234 (S.D. Cal. 2004) (citing *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998)).

According to Defendant, "A motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." (Doc. 5-1 at 2) (quoting *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479, n. 34 (C.D. Cal. 1996). In so finding, *Bureerong* relied upon the Eighth Circuit's decision in *Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974) (dismissing an appeal to review an order granting a motion to strike a prayer for relief). However, the Ninth Circuit has opined a Rule 12(f) motion is not the proper method by

---

[1] An immaterial matter "has no essential or important relationship to the claim for relief or the defenses being pleaded," while an "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds* (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706-07, 711 (1990)).

which to strike a claim for punitive damages.  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010).  In *Whittlestone*, the district court struck the plaintiff's claims for lost profits and consequential damages, and the Ninth Circuit examined "whether Rule 12(f) authorizes the district court to strike such matter at all." *Id.* at 973.  Finding Rule 12(f) did not empower the court to strike the claims for damages, the Ninth Circuit explained:

> Were we to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading ... we would be creating redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose ... We therefore hold that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law.

*Id.* at 974-75.  Further, the Court observed the plaintiff's claims for damages were not encompassed within the categories of materials that may be stricken pursuant to Rule 12(f), and could not be considered immaterial "because whether these damages are recoverable relates directly to the plaintiff's underlying claim for relief." *Id.* at 974.

Here, the claim for punitive damages relates to Plaintiff's claims for discrimination, retaliation, and failure to engage in a good faith interactive process.  While Defendant seeks to have the Court find Plaintiff is precluded from pursuing punitive damages based upon the allegations presented in his complaint, the Court lacks the authority to do so under Rule 12(f).  Significantly, however, the Court may convert the Rule 12(f) motion to a Rule 12(b)(6) motion to dismiss. <u>Kelley v. Corr. Corp. of Am.</u>, 750 F.Supp.2d 1132, 1138 (E.D. Cal. 2010) "'[W]here a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion, a court may convert the improperly designated Rule 12(f) motion into a Rule 12(b)(6) motion.'"]

Defendant argues the factual allegations are insufficient to demonstrate Plaintiff is able to pursue punitive damages.  (Doc. 5-1 at 2-3).  Because a challenge to the sufficiency of the complaint is properly raised under Rule 12(b)(6), Defendant's motion Rule 12(f) motion is hereby converted to a Rule 12(b)(6) motion.

**III.    Rule 12(b)(6) Motion to Dismiss**

    **A.     Legal Standards**

3

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id.* Further, allegations of a complaint must be accepted as true when the Court considers a motion to dismiss. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976).

A court must construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Leave to amend should not be granted if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

**B.    Discussion and Analysis**

Plaintiff raises claims against Defendant for disability discrimination, failure to accommodate disability, and failure to engage in interactive process. (Doc. 1 at 11-15). As noted above, Defendant argues the factual allegations in support of Plaintiff's claim for punitive damages are insufficient to demonstrate he is able to pursue punitive damages against Defendant, a corporate employer. (Doc. 5-1 at 2-3). Therefore, Defendant seeks to strike Plaintiff's claims for punitive damages and allegations in support thereof. *Id.*

Under California law, a plaintiff may seek punitive damages in an action "for breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that a

defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). Further, the statute provides employers may be liable for punitive damages in limited circumstances:

> An employer shall not be liable for damages pursuant to subdivision (a), based upon the acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice.

Cal. Civ. Code. § 3294(b). Further, with regard to corporate employers, " the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation. *Id.* Here, Defendant asserts Plaintiff fails to establish "conduct by an officer, director, or managing agent of CCA," such that the corporation is exposed to liability for punitive damages. (Doc. 5-1 at 3).

According to Plaintiff, "[T]he Warden, the Director of Security, and Human Resources representatives bore the responsibility for accommodating Plaintiff. Their reckless disregard for the law alone justifies imposition of punitive damages." (Doc. 13 at 3-4). In reply, Defendant contends, "Plaintiff does not allege that any of these individuals was an officer or director of CCA. Plaintiff also fails to allege facts that would establish any of these individuals as a managing agent of CCA." (Doc. 14 at 2).

To be considered an officer, director, or managing agent, and individual must be a member of the "group whose intentions guide corporate conduct." *See Cruz v. HomeBase*, 83 Cal. App. 4th 160, 166 (2000). Thus, the employee must "exercise[] substantial discretionary authority over significant aspects of a corporation's business." *White v. Ultramar, Inc.*, 21 Cal.4th 563, 573 (1999). Individuals "who have no discretionary authority over decisions that ultimately determine corporate policy would not be considered managing agents event though they may have the ability to hire or fire other employees." *Id.* at 577.

As Defendant notes, Plaintiff's complaint is devoid of allegations that the Warden, Director of Security, and Human Resources representatives are officers or directors of CCA. Likewise, Plaintiff fails to allege what responsibility, if any, the Warden, Director of Security, and Human Resources have related to corporate policies. Significantly, although Plaintiff alleges the Director of Security had supervisor status over Plaintiff, "mere supervisory status" where an individual "does not

1  have substantial authority over decisions that ultimately determine corporate policy" does not
2  establish an employee is a managing agent. *White*, 21 Cal.4th at 575. However, "[S]upervisors who
3  have broad discretionary powers and exercise substantial discretionary authority in the corporation
4  could be managing agents." *Id*. at 577.

5  Plaintiff's allegations are insufficient to establish the Warden, the Director of Security, or
6  Human Resource representatives were "an officer, director, or managing agent" of the corporation.
7  *See Glovatorium, Inc. v. NCR Corp*, 684 F.2d 658, 661 (9 th Cir. 1982) ("The key inquiry is in the
8  determination of whether an employee is a managing agent is 'the degree of discretion the employees
9  possess in making decisions that will ultimately determine corporate policy"); *Vermillion v. Corr.*
10 *Corp. of America*, at *27 (E.D. Cal. Aug. 28, 2008). Therefore, Plaintiff's complaint fails to plead
11 facts sufficient to support a finding that Defendant is liable for punitive damages.

12 **IV.    Findings and Recommendations**

13 Previously, this Court explained "[p]unitive damages are never awarded as a matter of right,
14 are disfavored by the law, and should be granted with the greatest of caution and only in the clearest
15 of cases." *Vermillion v. Corr. Corp. of America*, at *27 (E.D. Cal. Aug. 28, 2008) (citing *Henderson*
16 *v. Security Pacific National Bank*, 72 Cal. App. 3d 764, 771 (1977). Here, based upon the
17 allegations set forth in Plaintiff's complaint, the Court cannot find Defendant is liable for punitive
18 damages as a corporate employer. However, because it is not clear the deficiencies of the complaint
19 could not be cured, the Court recommends leave to amend be granted. *See Livid Holdings Ltd.*, 416
20 F.3d at 946.

21 Based upon the foregoing, **IT IS HEREBY RECOMMENDED:**
22 1.   Defendant's motion as converted to a Rule 12(b)(6) motion, be **GRANTED**;
23 2.   Plaintiff's prayer for relief for punitive damages be **STRICKEN**; and
24 3.   Plaintiff be given leave to amend his complaint within 14 days of the order adopting
25      these Findings and Recommendations.

26 These Findings and Recommendations are submitted to the United States District Judge
27 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the
28 Local Rules of Practice for the United States District Court, Eastern District of California. Within

14 days after being served with these Findings and Recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to objections shall be filed within 14 days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **March 28, 2012**                                    /s/ Jennifer L. Thurston
                                                              UNITED STATES MAGISTRATE JUDGE